# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:97-cr-153

United States of America

v.

Roger Joseph Andrus, Jr.
           Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed May 14, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on November 5, 1998, before The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute a Schedule II controlled substance, cocaine base, a Class A felony.  This offense carried a statutory maximum imprisonment term of not more than life.  The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of II, was 188 to 235 months.  Defendant was subsequently sentenced to 235 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus the special conditions: drug aftercare; financial disclosure; and a $100 special assessment.

## II.  The Period of Supervision

On July 9, 2009, defendant completed his period of imprisonment and began service of the supervision term.  On March 26, 2008, defendant's sentence was reduced from 235 months imprisonment to 151 months imprisonment.  On May 07, 2010, defendant's conditions were modified to include that the defendant shall have no contact with Asha August unless granted permission to do so by the probation officer, and the defendant shall not visit the residence of Asha August, which is located at 795 Highland Drive, Beaumont, Texas, unless granted permission to do so by the probation officer.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on May 14, 2010. The petition alleges that defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Mandatory Condition: | | Defendant shall not commit another federal, state, or local crime. |
| | | |
| 2. Mandatory Condition: | | Defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |

As grounds, the petition alleges that: 1. On or about May 10, 2010, Rogers Joseph Andrus, Jr., was arrested on a federal sealed-indictment warrant which alleged that on or about April 1, 2010, and April 6, 2010, he did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, namely, a cocaine mixture or substance containing a detectable amount of cocaine; and 2. On April 22, 2010, Rogers Joseph Andrus, Jr., submitted a urine specimen which positive for cocaine.

### IV. Proceedings

On November 17, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

The government presented evidence that defendant was convicted and sentenced in federal court on November 17, 2010 of knowingly and intentionally possessing with intent to distribute a Schedule II controlled substance, namely, a cocaine mixture or substance containing a detectable amount of cocaine.

In addition, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant agreed to plead "true"

to the allegation that he violated a mandatory condition of supervised release by failing to not commit another federal, state, or local crime. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. Further, the parties agreed the court should revoke defendant's supervised release and impose 30 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to not commit another federal, state, or local crime.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class A felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 5 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to not commit another federal, state, or local crime, defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A violation, the court shall revoke probation or supervised

release. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade A violation and a criminal history category of II, the guideline imprisonment range is 27 to 33 months.

According to U.S.S.G § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to not commit another federal, state, or local crime. The government presented evidence that defendant was convicted and sentenced in federal court on November 17, 2010 of knowingly and intentionally possessing with intent to distribute a Schedule II controlled substance, namely, a cocaine mixture or substance containing a detectable amount of cocaine, which was alleged as a violation of defendant's supervised release in his petition. Based upon defendant's plea of "true" to the allegations, the presented evidence, and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by failing to not commit another federal, state, or local crime.

**<u>Conclusions and Justification:</u>**

Defendant's violation is a Grade A violation, and defendant's criminal history category is II. Policy guidelines suggest 27 to 33 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to not commit another federal, state, or local crime. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by failing to not commit another federal, state, or local crime, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 30 months to be served consecutively to any sentence of imprisonment that the defendant is serving.

4. No further supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __19__ day of November, 2010.

_____
Earl S. Hines
United States Magistrate Judge